ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorneys

    450 Golden Gate Ave
    San Francisco, CA 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
           Laura.Vartain@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> DAVID WAYNE DEPAPE, <br>     Defendant. | CASE NO. 3:22-CR-426-JSC <br><br> **UNITED STATES' RESPONSE TO DEFENDANT'S STATUS UPDATE RE: SFPD INTERVIEW EXCERPTS** <br><br> Trial Date:   November 6, 2023 <br> Hearing:     November 1, 2023 <br> Time:        9:30 AM <br><br> Judge:  Hon. Jacqueline Scott Corley |

The Rule of Completeness does not allow this defendant to put in the excerpts that he asks the Court to order the government to include.

First, defendant asks the government to include over two minutes of his statement on the basis that the government's excerpt does not include defendant's full answer to the question: "did you feel like the Pelosis have done something to you."

However, defendant answered that question, as well as the investigator's follow up question, "how so"? He answered it by explaining what he thought about Nancy Pelosi, which is where the government's excerpt stopped.

Defendant posed his own question in the interview, and now he wants to include that question and the answer: "And, like, you know Watergate; right?" Dkt, 98. Ex. I at DEPAPE -0016639:3-DEPAPE-0016641:3. After answering this question, defendant went on to give his views about others, including "Hillary and the DNC" and then, later, "the Democrat[sic] party." This is an additional vent, and as the government previously argued at Docket 107, the rule of completeness does not extend to adding statements that a defendant wants, where the statement does not correct any misunderstanding or distortion caused by the government's excerpt. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (it is "perfectly proper to admit segments" of statements and "adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them.").

Second, defendant wants to again augment the government's excerpt with more than two minutes of his own statements sandwiched in between two of the government's excerpts. *See* Dkt. 98 Ex. I at DEPAPE 0016649:12-0016651:19. Defendant claims this addition this will put in events that occurred when Mr. Pelosi called 911. In this excerpt, defendant provides statements that he made to Mr. Pelosi and then he is asked "why didn't you just leave," and he answers that question and others. There is nothing about leaving this excerpt out that leaves the jury with any misimpression based on the excerpts the government will offer. To the extent that the jury will not hear *from defendant* what transpired in this timeframe, they will hear from Mr. Pelosi about his recollection of this time period, and he will be subject to cross-examination, which defendant's hearsay will not be.

In short, what defendant wants to do here is provide as much of his story and views as possible, without subjecting himself to cross-examination, and that is not the proposition for which Rule 106

USA's RESPONSE TO STATUS UPDATE
3:22-CR-426-JSC                         1

stands, as the cases here and at Docket 107 make clear.

Finally, in the meet and confer process, defendant asked the government to consider including five statements in addition to the three (two opposed and one unopposed) addressed in defendant's Status Report. These excerpts largely but not entirely concerned Defendant's statements about Target 1 and other individuals. To the extent that defendant wants to put any of these excerpts in at trial, it should tee those up for the Court's consideration at the Further Pretrial Conference. These statements are hearsay, no longer reveal hidden defense strategy, and there is no reason to delay the Court's consideration of these arguments until Lieutenant Hurley's testimony.  *See* Dkt. 134 Order re: Motion in Limine at 2 (ordering the parties to meet and confer regarding any specific statements or excerpts Defendant contends should be admitted to avoid further misleading the jury); Tr. Oct. 26, 2023 (Pretrial Conference) (the Court: "why don't you meet and then, though, there may be particular statements in there, for example, you said that are non-hearsay that, I guess, you would elicit with Sergeant Hurley that would be – so before she testifies, I would suggest you raise it, you know, before me like at 8:00"). The government will be prepared to address the subject of these filings in Court on November 1, 2023.

DATED:  October 31, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

\_\_\_/s/_____
HELEN L. GILBERT
LAURA VARTAIN HORN
Assistant United States Attorneys